ANNE KOPLE, PLAINTIFF, v. ABRAHAM ZALON, DEFENDANT.

Argued October 5, 1938—Decided October 31, 1938.

Before Justices TRENCHARD and PARKER.

For the rule, *Louis Santorf.*

Opposed, *R. Robinson Chance.*

The opinion of the court was delivered by

PARKER, J.  The plaintiff while crossing a street was struck and injured by a truck owned by defendant Zalon, and driven by defendant Isaacs, who admittedly was operating the truck as the servant of Zalon.  Isaacs did not answer, and a rule for judgment interlocutory by default was entered against him.  Zalon did answer, and the cause came on for trial, at which the court instructed the jury, in substance, to ascertain whether on the evidence, and the law as stated to them, Zalon was liable, and if so to award such damages as they found plaintiff had sustained, and in that event to find the same damages against Isaacs.  The jury returned a verdict of $5,000 against both.

The controversy now before us arises out of the fact that the attorneys for Zalon obtained a rule to show cause for a new trial on the ground that the damages were excessive, apparently not questioning the finding of liability; but that after argument of that rule before the Circuit Court judge who tried the case, he made the rule absolute generally and awarded a new trial at large, not only as to Zalon, the moving party, but also as to Isaacs who had defaulted and thereby confessed liability.  Counsel for the plaintiff, after moving unsuccessfully before the trial judge for a modification of the rule absolute, have obtained from a justice of this court a rule to show cause returnable before this court, (a) why the

rule absolute should not be amended (1) so as to omit a new trial as to Isaacs, and (2) to require as to Zalon a new trial as to damages only, by virtue of rule 132 of this court; and (b) why final judgment should not be entered against both defendants on the verdict. We are clear that as to the latter branch of the rule, it should be discharged. The trial judge was fully within the bounds of propriety in reviewing the verdict, and unless he was wrong all along the line in dealing with it as he did, there should be no final judgment against both defendants at this stage.

The other matters embraced in the rule now before us, and cognate points argued and briefed, will be better understood by a glance at the practice rules applicable.

At common law, where there are two or more defendants charged on the same cause of action, and one defaults, there is of course an interlocutory judgment against that one, and the case proceeds to trial as to the others. A special venire issues, and the jury that try it (if they find for the plaintiff) should assess the damages against all the defendants. *Arch. Prac. (7th ed.)* 701, 710; 2 *Tidd Pr.* 895; *Coles* v. *McKenna,* 80 *N. J. L.* 48, 51; see 34 *C. J.* 150, §§ 356 and 408 (at *p.* 189). The form of judgment record in such case, as presented in Archbold's Forms, reads as follows: after reciting *nil dicit* as to one defendant, "wherefore the said plaintiff ought to recover against the said (Isaacs) her damages on occasion of the premises; but because it is unknown to the court, what damages said plaintiff hath sustained on occasion thereof *and because it is convenient and necessary that there be but one taxation of damages in this suit;* therefore let the giving of judgment in this behalf against the said (Isaacs) be stayed until the trial of the issue above joined between the said parties. And as well to try the said last mentioned issue, as to inquire of and assess the damages which the said plaintiff hath sustained by reason of (the wrong admitted by the defaulting defendant) let a jury come," &c. Logically, and as a matter of precedent, the ascertainment of damages as to Isaacs should be on the same proofs and before the same jury at the same time, as the inquiry whether Zalon be liable, and,

if so, as to the amount of damages. There are cases, of course, where parties charged as joint *tort feasors* are separate contributors to the injury, as, for example, in *Matthews* v. *Delaware, Lackawanna and Western Railroad Co. and Newark Passenger Railway Co.*, 56 *N. J. L.* 34, where plaintiff was a passenger in a street car crossing a railroad track which was struck by a train. In such a case, where one defendant defaults, it is said in Archbold's book, that "if the plaintiff do not succeed against the defendants who plead, he may still have his damages against those who have allowed judgment to go by default." But that is not this case. Here, the liability of Zalon, if there be a liability, is derivative and dependent upon the negligence *vel non* of Isaacs, under the rule of *respondeat superior*. Hence it follows that to recover against Zalon, plaintiff must prove negligence of Isaacs, and the relation of master and servant. Still further, the rule would apply as laid down in *Coles* v. *McKenna, supra* (at *p.* 51), that if Zalon should be successful at the trial (no question as to the status of master and servant being raised) his success would enure to the benefit of Isaacs though he had defaulted. 34 *C. J.* 152, § 360. To state the situation colloquially, the default judgment against Isaacs was only half a judgment, and his liability admitted by default would diminish to zero if the jury should find for Zalon.

It follows that the trial judge properly laid before the jury the case as against both defendants. The jury found against both, and so quite properly, in the same amount. Coming to the application for a new trial: if granted as to one, the other should be included; for plainly, both are liable, or neither.

The ground advanced for a new trial was excessive damages, and this was stated in the rule; but in determining it, the trial judge concluded, no doubt in view of his personal knowledge of the case derived from the trial, that there should be a new trial on all the issues. This is attacked on various grounds, but we see no prevailing merit in any of them. The fact that the rule stated excessive damages as a ground, does not stand in the way of enlarging the rule in

its discretion for cause. deemed sufficient. *Doucha* v. *Hamilton,* 8 *N. J. Mis. R.* 890; *Juliano* v. *Abeles,* 114 *N. J. L.* 510; rule 132 is invoked; but we think it not in point, as it does not appear to us that there was "no other reason" for setting aside the verdict. A strict application of it might lead to disastrous results. For example, in *Miller* v. *Delaware, Lackawanna and Western Railroad Co.,* 58 *N. J. L.* 428, plaintiff without substantial dispute was severely injured. The contested questions were whether she was a passenger on defendant's train, and, if so, whether there was negligence. The jury found in her favor a verdict of six cents, and on plaintiff's application this was set aside. But if rule 132 had been in force and applicable, plaintiff would have gone to a second trial solely on quantum of damages, with the matter of liability in effect a *res judicata.*

We have carefully considered the case and briefs, and think all material points have been covered by what is said above. A few minor matters of practice are incidentally presented, but we think they are not material in any way and need not be discussed. We see no abuse of discretion and do not think the trial judge exceeded his powers. The result is that the rule to show cause on which the argument herein is based, will be discharged with costs.